[Civ. No. 2778. Second Appellate District, Division One.—May 19, 1920.]

PETER FERRARIS, Respondent, v. SOUTHERN PACI-FIC COMPANY (a Corporation) et al., Appellants.

[1] COMMON CARRIERS — NEGLIGENT TRANSPORTATION OF BANANAS — FAILURE TO KEEP AT PROPER TEMPERATURE—EVIDENCE—INFER-ENCES—FINDING.—In this action to recover damages alleged to have been sustained by plaintiff on account of defendants' negligence in transporting a car of bananas, the testimony of the messenger who was in charge of the car that the same was kept at a proper temperature while en route, coupled with the testimony of others which tended to show that the damage resulted from leaving the car door open during the night after its arrival at the point of destination, was sufficient to justify the finding of the trial court to the effect that the deterioration of the fruit, which was delivered to the defendants at the point of shipment in good condition, was due to the failure of the defendants to keep the same under proper refrigeration, and such evidence was not overcome by the inferences sought to be drawn from a report as to the varying outside temperatures along the line of travel.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage, W. I. Gilbert and Floyd S. Sisk for Appellants.

Frederick R. Levee and W. R. Law for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained by plaintiff on account of defendants' negligence in transporting a car of bananas from New Orleans to Los Angeles. Judgment went for plaintiff, from which defendants appeal, claiming the evidence is insufficient to justify the finding of the court to the effect that the deterioration of the fruit, delivered to defendants at New Orleans in good condition, was due to the failure of defendants to keep the same under proper refrigeration.

[1] Testimony received on the part of plaintiff was to the effect that in shipping bananas in carload lots it is necessary to place them in charge of a messenger, as was done in this instance, whose duty it is to maintain a temperature inside the car of fifty-eight or sixty degrees, which is done by the opening and closing of plugs and vents, depending upon the outside temperature, which varies along the route of travel. The testimony also tends to show that the messenger in charge of the car properly looked after the ventilation thereof, which arrived in Los Angeles at 8:20 P. M., December 13, 1917, with the fruit in good condition; that the damage to the bananas occurred between the time of arrival on December 13th and 8:30 A. M., December 14th, and was caused by the fact that, due to defendants' negligence, one door of the car had during the night been opened and left in that condition, as a result of which the fruit was badly chilled and spoiled. As against this evidence, which, if true, was ample to justify the finding, defendants introduced a report made by the messenger in charge as to the degrees of temperature through which the fruit was transported from New Orleans to Los Angeles, and which, it is claimed, shows the inaccuracy of his testimony. From this report it appears that the outside temperature along the route of travel varied from twenty degrees to sixty-eight degrees above zero, and that the inside temperature, so far as shown by the report, was not less than fifty-four degrees above zero, and the difference between the outside and inside temperature, so far as shown by this report, and in the absence of a stove or other means of heating, varied from four degrees to eighteen degrees; for instance, at one point when the outside temperature was sixty degrees, it was sixty-four degrees inside, and at another point, when the outside temperature was thirty-six de-

grees, it was fifty-four degrees inside. At one point along the line, however, the outside temperature is shown to have dropped to twenty degrees, and at another point twenty-two degrees, without any showing made by the report as to the inside temperature at such times, and hence appellants' claim that the inside temperature must have dropped to forty degrees or less, which it is conceded was so low that the fruit would have been damaged, and that such damage must be attributed to the negligence of the messenger. While the argument is plausible, it omits from consideration the length of time during which the low outside temperature of twenty degrees at one point and twenty-two at another prevailed, and also ignores the degree of heat generated inside the car by reason of the bananas being packed in bulk, the extent of which, according to the testimony, depends upon the density of the loading and other varying conditions. It is a well-recognized fact that fruit for a *short time* will stand a low degree of temperature without damage, when, under a temperature several degrees higher but prevailing for a *longer time,* damage will result from the cold. Hence, since the injury due to the low temperature would depend upon the duration thereof, we cannot assume the direct testimony overcome by the mere showing that en route the car passed through a zone where the outside temperature was twenty or twenty-two degrees and therefore the temperature on the inside of the car dropped and continued at a point, as a result of which the fruit was damaged.

We agree with the trial court that the direct testimony of the messenger in charge of the car, and others, which tends to show that the damage resulted from leaving the car door open during the night of December 13th, after its arrival in Los Angeles, is not overcome by the inferences sought to be drawn from the report as to the varying outside temperature along the line of travel.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.